IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARDOCHE OLIVIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01300 |
| ) | Judge Crenshaw/Frensley |
| ROSS H. HICKS, CITY OF ) | |
| CLARKSVILLE, and LEIGH BLACK, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant City of Clarksville. Docket No. 12. The City of Clarksville has also filed a Supporting Memorandum of Law and a Statement of Undisputed Material Facts. Docket Nos. 13, 14. The pro se Plaintiff, Mardoche Olivier, has not filed a response.

Mr. Olivier filed this action against Judge Ross H. Hicks, the City of Clarksville, and Leigh Black on September 22, 1017, alleging violations of 42 U.S.C. §§ 1981, 1982, and 1983 related to the alleged seizure of Mr. Oliver's property. Docket No. 1. Mr. Olivier contends that the City of Clarksville used its power of eminent domain to take possession of eight cars and two trailers belonging to him, and later allowed Defendant Leigh Black, owner of Transport Auto, to sell them. *Id.* at 2-4. He further contends that when he subsequently filed an action to recover personal property under Tenn. Code Ann. § 29-30-104, Judge Hicks denied his petition for a hearing, telling him that he "must first pay a bond the value of [his] property of 250,000." *Id.* at 4.

In its initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court (Judge Crenshaw) found that Mr. Olivier's Complaint failed to state a claim under either 42 U.S.C. § 1981 or § 1982, and thus dismissed those claims. Docket No. 3, p. 3-4. The Court further held that all claims against Judge Hicks are subject to dismissal because of his absolute judicial immunity. *Id.* at 4. The Court allowed Mr. Olivier's § 1983 claim against the City of Clarksville to proceed, finding that "Plaintiff's allegations, if true, suggest that the City of Clarksville countenanced the taking of Plaintiff's property solely for the purpose of transferring it to another private party, without just compensation and without the prospect of future use by the public." *Id.* at 5 (internal quotation marks and citation omitted). The Court also maintained the § 1983 claim against Defendant Black, finding that the allegations in the Complaint, "accepted as true and viewed in the light most favorable to Plaintiff, are sufficient to establish that Black acted under color of state law or that his conduct was otherwise chargeable to the state." *Id.* at 6-7.

## II. Law and Analysis

### A. Motions for Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party bringing the motion has the burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute of material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* A dispute is "genuine" only if "the evidence is such that a reasonable jury

2

Case 3:17-cv-01300   Document 15   Filed 05/14/18   Page 2 of 12 PageID #: 150

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986); *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to allow the nonmoving party's claims to survive summary judgment; rather, the nonmoving party must convince the Court that there is sufficient evidence for a juror to return a verdict in its favor. *Id.*

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, "a Court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). *See also Payne v. Sec'y of Treas.*, 73 F.App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her."

## B. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

The City of Clarksville filed the instant Motion on February 20, 2018. Docket No. 12. Mr. Olivier has failed to respond to the City of Clarksville's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record . . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Mr. Olivier has failed to respond to the City of Clarksville's Statement of Undisputed Material Facts or to file his own Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Mr. Olivier's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact, and all that remains to be determined is whether the City of Clarksville is entitled to a judgment as a matter of law.

4

It would be inappropriate to grant the City of Clarksville's Motion solely on the ground that Mr. Olivier has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Court of Appeals for the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden . . . . The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether City of Clarksville has met its burden under the appropriate summary judgment standards discussed above.

## C. Mr. Olivier's 42 U.S.C. § 1983 Claims

As discussed above, Mr. Olivier's claims against the City of Clarksville and Defendant Black stem from the alleged wrongful taking of his personal property by the City of Clarksville under its power of "imminent domain," and subsequent sale of this property by Defendant Black. Docket No. 1. The City of Clarksville argues that these claims are barred by the doctrine of res judicata; is barred by Tennessee substantive law because the suit is appropriately an appeal of a decision by the City of Clarksville Building and Codes Department to tow Mr. Olivier's vehicles; are time-barred, and must be dismissed because Mr. Olivier joins a petition for appellate relief with original claims for declaratory judgment. Docket No. 13, p. 4-17. The City of Clarksville further asserts that Mr. Olivier cannot establish an essential element of his claim – that his property was taken for public use and benefit. *Id.* at 17-19.

### 1. Res Judicata

> It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become

5

> res judicata and may not again b[e] litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or different cause of action, subject matter, claim, or demand, as the earlier action.

*Davis v. McKinnon & Mooney*, 266 F.2d 870, 872 (6th Cir. 1959).

Federal courts apply the principle of res judicata to issues already decided in state court decisions. *Smith v. Metro. Dev. Hous. Agency by & Through Nicely*, 857 F. Supp. 597, 599-600 (M.D. Tenn. 1994), *citing Wicker v. Bd. of Educ. Of Knott County, Ky.*, 826 F.2d 442, 448-49 (6th Cir. 1987). Generally, where a matter previously adjudicated in state court is raised in a federal court, that federal court will refer to state law to determine whether the doctrine of res judicata is applicable. *Whitfield v. City of Knoxville*, 756 F.2d 455 (6th Cir. 1985). Under Tennessee law, "[t]o obtain dismissal [of a claim] based on *res judicata*, the party asserting the defense must show that (1) a court of competent jurisdiction rendered the underlying judgment; (2) the same parties or their privies were involved in both proceedings; (3) both proceedings involved the same cause of action; and (4) the underlying judgment was final and on the merits." *Roberts v. Vaughn*, Case No. W2008-01126-COA-R3-CV, 2009 Tenn. App. LEXIS 386 at *10 (Tenn. Ct. App. June 10, 2009) (internal citation omitted). To satisfy the "same cause of action" element, the party asserting res judicata need only show that the claims in both cases arose out of the "same transaction or a series of connected transactions." *Id.* at *14, *quoting Creech v. Addington*, 281 S.W. 3d 363 (Tenn. 2009) (internal quotation marks omitted).

The City of Clarksville contends that all four of these elements are present in this case. Docket No. 13, p. 4-9. Relevant to this argument, the following material facts are undisputed:

> 1. On July 25, 2016, Mardoche Olivier filed a Complaint in the Montgomery County Circuit Court – case No. 16CV1496 – against the City of Clarksville and Auto Transport.

2. Auto Transport is a towing company "owned by Leigh Black."

3. The basis for Mr. Oliver's state court suit against the City of Clarksville and Auto Transport was the alleged wrongful towing of his personal property, which consisted of a number of inoperable vehicles and two trailers, on May 18, 2016.

4. In Montgomery County Circuit Court Case No. 16CV1496, Mr. Olivier alleged the towing of his personal property on May 18, 2016 amounted to conversion, inverse condemnation, and also caused him to suffer both emotional distress and civil rights.

5. Upon motion by the City of Clarksville, the Montgomery County Circuit Court dismissed case No. 16CV1496 with prejudice pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief could be granted.

6. In its Tenn. R. Civ. P. 12.02(6) Order, the Montgomery County Circuit Court specifically found Mr. Olivier failed to comply with Tenn. R. Civ. P. 8.01, which provides the Complaint shall contain a short and plain statement of the claim showing the Plaintiff is entitled to relief.

. . .

8. In its Tenn. R. Civ. P. 12.02(6) Order, the Montgomery County Circuit Court specifically found Mr. Olivier failed to allege essential elements of his . . . 42 U.S.C. § 1983 constitutional claims.

. . .

10. The Montgomery County Circuit Court's dismissal of case No. 16CV1496 was final and on the merits.

11. The Montgomery County Circuit Court was a court of competent jurisdiction with regard to case No. 16CV1496.

12. Mr. Olivier appealed the Montgomery County Circuit Court's dismissal of his action to the Court of Appeals of Tennessee.

13. In his appeal to the Court of Appeals of Tennessee, Mr. Olivier sought review of the following pertinent issues:

7

Whether the court erred when it ruled that the City of Clarksville had the authority to condemn Mr. Olivier's property and have Auto Transport tow and TAKE POSSESSION OF Mr. Olivier's property under the Clarksville City power of eminent domain.

Whether the court erred when it ruled that the cities [*sic*] power of eminent domain allows the towing company (Auto Transport) the ability to TAKE, tow, store, and charge Mr. Olivier's personal property from Mr. Olivier's (private) real property violate [*sic*] Tenn. State Laws on towing. [specific statutory citations omitted].

Whether the court erred when it ruled that the Civil Circuit court erred by not communicating with or allowing pro se litigant Mr. Olivier a possessory hearing for his recovery of personal property action.

Whether the Civil Circuit Court erred in dismissing pro se complaint against City of Clarksville and Auto Transport under local rule 12.02(6) for failure to state a claim.

Whether the Civil Circuit Court erred by dismissing Mr. Olivier's 1983 claims against City of Clarksville and Auto Transport (defendants.)

14. In their Opinion – Docket No. M2016-02474-COA-R3-CV – the Court of Appeals affirmed the trial court's dismissal on all counts, as well as noting that a number of issues presented for review, which were not raised at the trial level, were waived . . . .

15. The Court of Appeals of Tennessee is a court of competent jurisdiction with regard to the Plaintiff's appeal of the Montgomery County Circuit Court's dismissal of Case No. 16CV1496.

16. The prior state court actions, Montgomery County Circuit Court Case No. 16CV1496 and Court of Appeals of Tennessee Case No. M2016-02474-COA-R3-CV, involved the same parties as the current action at issue herein.

17. The current action at issue herein stems from the alleged wrongful towing of Mr. Olivier's personal property on May 18, 2017.

8

> 18. The current action at issue herein involves the same date, the
> same property, and the same alleged wrongful taking as Mr.
> Olivier's previous action in the Montgomery County Circuit Court,
> case No. 16CV1496.

Docket No. 14, p. 1-6 (citations and response prompts omitted) (emphasis in original).[1]

It is thus undisputed that in Mr. Olivier's prior action in state court, courts of competent jurisdiction rendered and upheld the underlying judgment. *Id.* The Court also takes judicial notice that the Montgomery County Circuit Court and the Court of Appeals of Tennessee are courts of competent jurisdiction. It is further undisputed that the same parties were involved in both proceedings and that both proceedings involved the same cause of action. The Court further finds that the judgment, rendered by the Montgomery County Circuit Court and upheld by the Court of Appeals of Tennessee, is final and on the merits. *See Roberts*, 2009 Tenn. App. LEXIS at *11-12 (finding that it is not necessary to have a trial in order for a judgment is final and on the merits, as long as "the parties had an opportunity to be heard and there are not technical defects . . . "although there was no actual hearing or argument on the facts of the case" and holding that a default judgment qualifies as a judgment that is on the merits). The City of Clarksville has submitted the Final Order on Defendant's 12.02(6) Motion to Dismiss for Failure to State a Claim (Docket No. 14-2) and Order on Appeal (Docket No. 14-4). Mr. Olivier has also not presented any evidence that he has appealed the judgment further. Because the City of Clarksville has shown that all four of the elements needed to obtain dismissal based on res judicata are present, the Court should find that Mr. Olivier's present action is barred on that basis, and grant summary judgment to the City of Clarksville.[2]

---

[1] Unless otherwise indicated, these facts and those listed below were submitted in a form required by Fed. R. Civ. P. 56 and are undisputed.

[2] Because the Court finds that all of the necessary elements of res judicata are present, it is not necessary to address the City of Clarksville's remaining procedural defenses.

### 2. 42 U.S.C. § 1983

Even if Mr. Olivier's claims were not barred by the doctrine of res judicata, the Court should find that the City of Clarksville is entitled to summary judgment because Mr. Olivier cannot successfully maintain his claim under 42 U.S.C. § 1983. To establish such a claim, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution of laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Sigley v. City of Parma Hts.*, 437 F.3d 527, 533 (6th Cir. 2006), *citing West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988). Mr. Olivier has alleged violation of his rights under the Fifth Amendment: "5th amendment – City of Clarksville deprived me of my property without due process of law and allowed my property to be taken for public use without just compensation." Docket No. 1, p. 5.

The Fifth Amendment of the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation." The Court has previously found that "Plaintiff's allegations, if true, suggest that the City of Clarksville countenanced the taking of Plaintiff's property solely for the purpose of transferring it to another private party, without just compensation and without the prospect of a future use by the public." Docket No. 3, p. 5 (internal quotation marks and citation omitted).

Relevant to this claim, the following material facts are undisputed:

> 19. The City of Clarksville employed Auto Transport to tow Mr. Olivier's personal property from his residence on May 18, 2016, to allow for the demolition of a fire damaged structure at the location.
>
> 20. Mr. Olivier's personal property was not towed pursuant to the City of Clarksville's power of eminent domain.
>
> 21. Following the towing, the Plaintiff's personal property, which consisted of a number of seemingly inoperable vehicles and

10

> trailers, were taken to Auto Transport's facility and were kept there to [be] available for return to the Plaintiff.
>
> 22. The Plaintiff's personal property was not taken for use by the city of Clarksville and was never put to any public use whatsoever.
>
> 23. The City of Clarksville did not countenance the taking of Mr. Olivier's property for the purpose of transferring its ownership to Auto Transport or Leigh Black.

Docket No. 14, p. 6-7 (citations and response prompts omitted).

It is therefore undisputed that the City of Clarksville did not take Mr. Olivier's property pursuant to the power of eminent domain, but merely towed and stored the vehicles in order to demolish a fire-damaged structure on Mr. Olivier's property. *Id.* The vehicles were neither taken for public use nor for the purpose of transferring them to Auto Transport or Leigh Black. *Id.* It is therefore apparent that Mr. Olivier cannot sustain a claim that his Constitutional rights have been violated under the Takings Clause of the Fifth Amendment. The Court should therefore grant summary judgment to the City of Clarksville on this claim.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the City of Clarksville's "Motion for Summary Judgment" (Docket No. 12) be GRANTED and that the Court dismiss this action with prejudice. Because it appears that the only other Defendant, Leigh Black, has not been served (Docket No. 11), the undersigned further recommends that the claim against Defendant Black be DISMISED pursuant to Fed. R. Civ. P. 4(m).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge